**SO ORDERED.**

**SIGNED this 23 day of September, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MICHAEL SCOTT ZEITCHIK,            CASE NO. 09-05821-8-JRL
                                   CHAPTER 13
    DEBTOR.

_____

### ORDER

This matter came before the court on the trustee's motion to dismiss due to the debtor's failure to modify his plan by contributing a portion of a post-confirmation inheritance to it. A hearing was held on September 21, 2011 in Wilmington, North Carolina.

Debtor filed a petition under chapter 13 of the Bankruptcy Code on July 14, 2009. His plan, as confirmed and amended, required eight payments of $465.00, six payments of $548.00, and forty-three payments of $469.00. Earlier this year, the debtor informed the trustee that he inherited substantial funds from his mother upon her death in May of 2010. The trustee requested modification of the plan to contribute a sufficient amount to pay the remaining claims in full, and has moved to dismiss because of the debtor's failure to devote this inheritance to the plan to pay approximately $20,000.00.

At the hearing, the debtor testified that his mother died on May 23, 2010. He has

received $30,000 in life insurance, approximately $212,000 from his half-interest in her residence, and has recently learned of an IRA from which he will receive at least $6,000. He has used a portion of these funds to bring his mortgage current and pay his living expenses, but retains approximately $190,000. The trustee argues that the money is property of the estate because § 1306 of the Bankruptcy Code includes this inheritance as property the debtor acquired after the commencement of the case. The debtor argues that § 541 of the Bankruptcy Code only includes property inherited within 180 days after the commencement of the bankruptcy as property of the estate.

     This issue, as a matter of law, is whether chapter 13 of the Bankruptcy Code includes inheritances received more than 180 days after the commencement of the case as property of the estate. Lundin's treatise on chapter 13 provides the applicable interpretation of the relationship between § 541 and § 1306 of the Bankruptcy Code, stating that § 1306 extends the 180-day period in § 541(a)(5) to include any time between the commencement of the chapter 13 case and the time the case is closed, dismissed or converted. KEITH M. LUNDIN, 1 CHAPTER 13 BANKRUPTCY, 3D ED. 47-2 (2000 & Supp. 2004). One court has found that a $300,000.00 inheritance received by a debtor ten months after confirmation was included in the estate under § 1306(a)(1). In re Euerle, 70 B.R. 72, 73 (Bankr. D.N.H. 1987). Therefore, in a chapter 13 case, any inheritance that is received before the case is closed, dismissed or converted is property of the estate. For the foregoing reasons, the debtor's inheritance is property of the estate and should be included in the plan to pay unsecured creditors. This result is not inequitable here, as the debtor will still retain approximately $170,000 to defray his educational expenses and provide for his family.

At the hearing, debtor's counsel requested that if the inheritance is considered part of the estate that the debtor be able to modify the payment amount to include payment of the current unsecured debt. Debtor has the option to pay either in one lump sum or modify the current payments to include this change. The trustee's motion to dismiss is **DENIED** provided that the debtor amends his plan to include payment of all remaining claims.

**END OF DOCUMENT**